UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:13-CV-00025-JHM

DANIEL NORTHCUTT                                                    APPELLANT

V.

ROBERT W. LEASURE,
CHAPTER 11 TRUSTEE                                                  APPELLEE

MEMORANDUM OPINION AND ORDER

This matter is before the Court upon an appeal from Bankruptcy Court.  The Appellant argues that the Bankruptcy Court erred when it authorized a sale of property not belonging to the bankruptcy estate.  Appellee, Robert W. Leasure, in his capacity as Trustee, has filed a motion to dismiss the appeal. [DN 7]. Fully briefed, these matters are ripe for decision.

I. BACKGROUND

Mammoth Resource, LLC, and its affiliates, Mammoth Resource Partners, Inc. and Mammoth Filed Services, Inc. ("Debtors") owned and operated various gas and oil well interests. On September 8, 2010, the Debtors filed voluntary Chapter 11 bankruptcy petitions.  The Bankruptcy Court directed that the estates be jointly administered.  Appellant, Daniel Northcutt, is an equity owner of Mammoth Resource LLC and is an assignee of an interest in oil and gas leases assigned by Mammoth Resource, LLC.

The Trustee of the estates filed a motion on October 17, 2012 seeking to sell certain oil well interests pursuant to 11 U.S.C. § 363(b).  Appellant filed an objection to the motion on the grounds that the Trustee could not sell property belonging to Appellant, and, after a hearing on December 11, 2012, the Bankruptcy Court overruled the objections, and approved the sale in an order entered

December 12, 2012 ("Sale Order").  On January17, 2013, Appellant filed a notice of appeal and a motion to stay the sale of the oil interest, arguing that the sale of Appellant's property interest without adjudication of the Trustee's avoidance action was a denial of due process.  A hearing was held on January 24, 2013 regarding the motion to stay the sale.  The Bankruptcy Court granted the stay of the sale on the condition that another party, Clearview Energy, post a $400,000 bond.  The bond was not posted and the sale was held on January 29, 2013 pursuant to the Sale Order.  The sale was confirmed on February 4, 2013.

Appellant has appealed the Bankruptcy Court's decision to allow the Trustee to sell the property.  Appellee has made a motion to dismiss the appeal pursuant to 11 U.S.C. § 365(m).

## II. STANDARD OF REVIEW

A federal district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a). On appeal, a district court reviews the bankruptcy court's finding of fact under a clearly erroneous standard, but reviews de novo the bankruptcy court's conclusions of law. Nicholson v. Isaacman (In re Isaacman ), 26 F.3d 629, 631 (6th Cir. 1994).  Most, if not all the facts are undisputed.  Therefore, the Court will review de novo the bankruptcy court's conclusions of law.

## III. DISCUSSION

Appellee filed a motion to dismiss the instant appeal based on 11 U.S.C. § 363(m) which limits appellate review of a sale of property of the estate under section 363(b) or (c).  Section 363(m) states:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless

2

such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).  Appellee argues that "[p]ursuant to  § 363(m), an appeal of an order authorizing the sale of estate property must be dismissed on the basis of 'statutory mootness' once the sale is consummated if an appellant fails to obtain a stay of the sale order pending its appeal." (Appellee's Mot. to Dismiss, 3 [DN 7].)  Since the Appellant failed to obtain a stay, Appellee reasons that Section 363(m) applies in order to eliminate the burden of engaging in litigation upon the purchaser of the asset.

In response, Appellant argues that 11 U.S.C. § 363(m) does not expressly mandate a dismissal of an appeal, but only provides that the reversal or modification does not affect the validity of the sale.  Even assuming that section 363(m) applies, Appellee argues that his appeal should proceed since he has asked the Court for relief for an alleged violation of his due process rights under the Fifth Amendment.  The Appellant asks the Court to find that the Appellee violated his due process and section 363(m) should not be used to deprive him of his property rights.

The Sixth Circuit has held that Section 363(m) applies "when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets[,]" and "it limits appellate review of a consummated sale regardless of the merits of legal arguments raised against it."  In re Parker, 499 F.3d 616, 620-21 (6th Cir. 2007) (internal citations omitted).  In re Parker involved the sale of a legal malpractice claim and the defendant argued he had no obligation to appeal from the Order of Sale because it was invalid since the legal malpractice claim was not property of the bankruptcy estate.  The Sixth Circuit found that the bankruptcy court did not overstep its power by approving the sale and the court "at least arguably" had jurisdiction over the sale of the malpractice claim.  Id. at 624.  In its opinion, the Sixth Circuit relied on the Seventh Circuit's reasoning in In re Sax, 796

F.2d 994 (7th Cir. 1986), which involved the bankruptcy court's approval of a sale of a yacht.  On appeal in Sax, the claim was made that Section 363(m) did not apply because the yacht was not property of the estate.  "The Sax court held the lien claimant's appeal moot because 'the sale was authorized under § 363(b) and the lien claimant failed to obtain a stay of the sale.'"  In re Parker, 499 F.3d at 622 (quoting In re Sax, 796 F.2d 994.)  The Seventh Circuit responded to the argument that because the yacht was not property of the estate it could not be sold pursuant to Section 363(b) by stating that "Section 363(m) does not say that the sale must be proper under § 363(b); it says the sale must be authorized under § 363(b)," and "it matters not whether the authorization was correct or incorrect."  In re Sax, 796 F.2d at 997-98. The Sixth Circuit noted that several other appellate panels have concluded "that § 363(m) moots appeal from an unstayed order of sale notwithstanding claims that the property sold did not constitute property of the estate and the bankruptcy court thus lacked authority. See In re Vance, 12 Fed. Appx. 380, 382 (7th Cir.2001) ('Whether or not the sale was proper is irrelevant.'); The Charter Co., 829 F.2d at 1055–56; cf. also In re Rare Earth Minerals, 445 F.3d 359, 364 (4th Cir.2006) ('To recognize an exception to statutory mootness whenever a claimant asserts that her property was wrongly assumed into the estate 'would seriously undermine the purpose of § 363(m) and could destroy the rule altogether.'' ); but cf. Rutherford Hosp., Inc. v. RNH P'ship, 168 F.3d 693, 699 (4th Cir.1999) (noting that 'bankruptcy court's jurisdiction does not extend to property that is not part of a debtor's estate,' and finding property not in existence at the time of the sale in bankruptcy 'could not have been conveyed ..., mistakenly or otherwise')."  In re Parker, 499 F.3d at 623.

In the case at present, Appellant is challenging the Bankruptcy Court's Sale Order made pursuant to Section 363(b) by arguing that the interest in oil and gas wells that Appellant was

assigned are not part of the estate.  As shown through the undisputed facts, Appellant failed to obtain

a stay on the proceedings.  The Bankruptcy Court found that the purchase of the various oil and gas

leases were made in good faith and confirmed the sale.  While Appellant argues that Section 363(m)

does not apply because the interest assigned to him was not part of the estate, the Bankruptcy Court

made specific findings that, indeed, the oil and gas leases were part of the estate, or at least the

interest was in a bona fide dispute and could be sold free and clear of Appellant's interest pursuant

to § 363(f)(4), and authorized the Sale Order based on that finding.  The Sixth Circuit has

specifically stated Section 363(m) "limits appellate review of a consummated sale regardless of the

merits of legal arguments raised against it."  In re Nashville Sr. Living, LLC, 620 F.3d 584, 591 (6th

Cir. 2010).  Since § 363(m) moots appeal from an unstayed order of sale regardless of claims that

the property sold did not constitute property of the estate, the Court finds that Appellee's attempt

to overrule the Sale Order are moot.

Appellant also argues that regardless of section 363(m), protections set out in the Bankruptcy

Code and Bankruptcy Rules were not provided to Appellant prior to the Bankruptcy Court ordering

the sale of Appellant's property.  On December 5, 2012, Appellee filed a Complaint seeking to avoid

the assignment of Appellant, and the avoidance litigation was still pending as an adversary

proceeding at the time of the filing of the current motions.  Appellant then gives reasons as to why

the Trustee should not prevail in the avoidance litigation, and contends that the Bankruptcy Court

based its decision for allowing the sale pursuant to section 363(b) on reasons only first brought up

in the Complaint and at the December 11, 2012 hearing.  As a proceeding to avoid a transfer is an

adversary proceeding, Appellant reasons he was not provided the process for its judicial adjudication

prior to the section 363(b) sale and, therefore, his due process rights were violated.

In response, Appellee argues that in "matters involving a § 363 sale, due process is protected by filing a motion with reasonable notice and opportunity for a hearing pursuant to Rules 6004(c) and 9014(a) of the Federal Rules of Bankruptcy Procedure." (Appellee's Resp. 8 [DN 8] (citing In re: Pierce, 384 B.R. 477, 482 (Bankr. S.D. Ohio 2008)).)  Appellee states the Bankruptcy Court made the determination that Appellant's claimed interest was subject to a bona fide dispute and approved the sale free and clear of Appellant's interest under section 363(f)(4) only after providing proper notice and a hearing.

The Court agrees that Appellant was given due process in regards to the section 363 sale as a motion was filed with reasonable notice, Appellant filed his objection, and he was afforded a hearing on the sale.  FRBP 6004(c) and FRBP 9014(a).  Section 363(m) moots appeal from the unstayed Sale order.

The Appellant's argument that he has been denied his due process rights in the adversary proceeding filed by the Trustee is without merit.  The record shows that the adversary proceeding continued to be litigated after the Bankruptcy Court approved the sale free and clear of Appellant's interest under section 363(f)(4) and it appears Appellant was afforded adequate due process in that proceeding.  In any event, however, those issues are separate and not before the Court.

Therefore, Appellee's motion to dismiss is granted.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Appellee's motion to dismiss [DN 7] is **GRANTED** and the appeal is **DISMISSED** as statutorily moot.  Appellee's motion requesting the Court to take judicial notice is **DENIED** as moot [DN 12].

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

June 5, 2013

cc: counsel of record

7